UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
POPPY'S WHOLESALE PRODUCE, INC.,

                Plaintiff,

-against-

WEISS KOSHER CUISINE and ABRAHAM
WEISS,

                Defendants.

---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 6071 (BMC)

**COGAN, District Judge.**

Before me is plaintiff's motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations in the complaint, plaintiff is a New York corporation which sells wholesale quantities of perishable commodities. The corporate defendant, Weiss Kosher Cuisine, is a purchaser of wholesale produce, and the individual defendant Abraham Weiss is either an officer or director of Weiss Kosher, and either controlled or had the capacity to control the assets of Weiss Kosher.

Plaintiff alleges that Weiss Kosher failed to pay for $90,566.00 in produce that it bought. Service of the summons and complaint, brought under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, was effected on both defendants on January 26, 2012 and is reflected on the docket. The docket contains no record of any appearance, and the Clerk entered default against both defendants on February 23, 2012 pursuant to Fed.R.Civ.P. 55.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of the motion for default judgment, plaintiff has submitted the declarations of attorney Timothy J. Fierst and Josh Fedowitz, plaintiff's President. The Fedowitz affidavit describes the open account relationship between plaintiff and Weiss Kosher, and the complaint has annexed to it the invoices totaling the $90,566 that is claimed, which the Fedowitz affidavit authenticates. Each invoice bears the notation that the sale is subject to PACA's statutory trust. The motion for default judgment also contains a chart listing each sale and computing interest, which, when added to the principal, totals $99,706.91.

The principal amount claimed is sufficiently proven by the invoices; it is essentially an account stated, see generally In re Rockefeller Center Properties, 266 B.R. 52, 57 (S.D.N.Y. 2001), with additional protection provided by federal law as a PACA trust. Similarly, the allegations in the complaint as to the individual defendant Weiss' control of the business are

sufficient to impose liability, at least in the absence that there was anyone else involved in ordering and paying for produce on behalf of Weiss Kosher, and the compelling inference that since the company bore his name, Weiss controlled the assets of the company. See e.g., Felix Produce Corp. v. New Lots Food Corp., 2009 WL 2985444, at *2 (E.D.N.Y. Sept.14, 2009); John Georgallas Banana Distribs. of New York, Inc. v. N & S Tropical Produce, Inc., 2008 WL 2788410, at *4 (E.D.N.Y. July 15, 2008); Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, 2006 WL 3240729, at *3-4 (W.D.N.Y. July 13, 2006). See also "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 125 n. 8 (2d Cir. 2008).

Plaintiff's claim for interest is based on the 9% rate found in N.Y. C.P.L.R. §5004. Often in PACA cases, the invoices contain a contractual term fixing the interest rate, and courts will generally enforce that rate. See Taylor & Fulton Packing, LLC v. Maro Intern. Foods, LLC, No. 09 civ 2614, 2011 WL 6329194 (E.D.N.Y. Dec. 16, 2011) (enforcing interest rate set forth in invoices). Where no interest rate is specified, however, state law need not apply in a PACA case, and the court has broad discretion in determining a prejudgment interest rate. See Endico Products, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071-72 (2d Cir. 1995).

As I have previously noted, see Sriramen v. Patel, 761 F.Supp.2d 23, 26-27 (E.D.N.Y. 2011), a nine percent interest rate makes little economic sense today, and is a historical vestige of a time when low-risk investment returns yielded that amount or higher. The purpose of interest is not to create a windfall, nor to compensate a plaintiff with regard to other elements of damages that it may incur by delayed payment. It is simply to put the plaintiff in the position it would have been in had it received and conservatively invested the money which the defendant was supposed to have paid. Plaintiff has chosen to invoke federal law, which gives its account stated superior rights than it would have under state law, so there is no basis for applying state law

3

interest rates to this federal claim. In addition, as suggested above, if plaintiff had wanted a particular interest rate, it could have included it in the invoices as a contractual term.

Congress has determined that with regard to post-judgment interest, the appropriate rate to reflect this compensatory principle is the federal funds rate as determined by the Board of Governors of the Federal Reserve System. 28 U.S.C. § 1961. I see no reason not to apply this rate pre-judgment. Defendants' first payment was due on or about November 6, 2010, and while we could use a mid-point or end-point rate, I will exercise my discretion to run interest from that date. The one-year Treasury bill auction rate on that date was 2.2%. See http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yieldYear&year=2010 (last visited 4/24/12). Plaintiff is therefore entitled to prejudgment interest in the amount of $2931.36 as of the date of this decision, plus $5.46 per diem until entry of judgment, and post-judgment interest at the rate in effect when judgment is entered.

## CONCLUSION

The motion for a default judgment is granted. Plaintiff shall have judgment in its favor against defendants, jointly and severally, in the amount of $93,497.36 plus $5.46 for each day between the date of this decision and the entry of judgment. The Clerk is directed to make that calculation and enter judgment accordingly.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
April 25, 2012